IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BERNARD MARLIN GADSDEN, | ) | CR No: 2:04-1018 |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court pursuant to petitioner's request for review and reduction of sentence pursuant to 18 U.S.C. § 3742; 28 U.S.C. §§ 2265 and 2266; and Rule 35 of Criminal Procedure.

**BACKGROUND**

On November 10, 2004, a grand jury indicted Bernard Marlin Gadsden ("Gadsden") of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1). Dkt. #1. Gadsden pled guilty to the indictment on March 31, 2005. Dkt. #24. On July 18, 2005, this court sentenced him to a total term of one hundred ninety-eight (198) months imprisonment. Dkt. #27. The judgment was entered on July 25, 2005. Dkt. #29. Petitioner filed the instant motion on September 14, 2012. Dkt. #35. The court will construe Gadsden's request as a § 2255 motion to vacate sentence.

**ANALYSIS**

28 U.S.C. § 2255 allows a prisoner claiming the right to be released on the basis that his sentence was imposed in violation of the Constitution or laws of the United States to move the court in which his sentence was imposed to vacate, set aside, or correct the sentence. However,

under 28 U.S.C. 2255(f), a one-year period of limitation applies to any motion filed under § 2255. The limitation period runs from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (quoting *Karpal v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). The statute of limitations is subject to equitable tolling only when the petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." *Id*.

Petitioner's sentence was entered on July 25, 2005. Gadsden did not file a notice of appeal, and in fact filed nothing with this court until September 14, 2012. The one-year limitations period under 28 U.S.C. § 2255 has not been tolled. Thus, Gadsden's § 2255 motion is untimely pursuant to § 2255(f)(1).

As noted above, Gadsden has made no showing that the doctrine of equitable tolling

should be applied to his case. Petitioner has not alleged that there were any "extraordinary circumstances" beyond his control that prevented him from filing his motion within the statute of limitations. Likewise, he has not alleged that the Government engaged in any wrongful conduct that precluded him from filing his § 2255 motion. Thus, he has offered no basis to invoke the doctrine of equitable tolling. Accordingly, because Gadsden's § 2255 motion was not brought within one year of the latest of the four triggering dates enumerated in 28 U.S.C. § 2255(f), and the doctrine of equitable tolling is inapplicable, his motion must be dismissed as untimely.

**THEREFORE**, the Government's Motion to Dismiss petitioner's §2255 motion is **GRANTED**.[1]

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has filed to make "a substantial showing of the denial of a constitution right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

March 21, 2013
Charleston South Carolina

---

[1] The court recognizes that petitioner has worked hard to prepare himself for life after incarceration, including earning his GED. He is congratulated for his efforts.